UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MISHAWN CHILDERS,<br><br>*Plaintiff,*<br><br>v.<br><br>LIFESTYLES UNLIMITED, INC.,<br>LIFESTYLES REALTY, INC., and<br>LIFESTYLES REALTY DALLAS,<br>INC.,<br><br>*Defendants.* | §<br>§<br>§<br>§<br>§<br>§<br>§ Civil Action No. 3:22-CV-2615-X<br>§<br>§<br>§<br>§<br>§ |

### **MEMORANDUM OPINION AND ORDER**

Before the Court is Defendants Lifestyles Unlimited, Inc., Lifestyles Realty, Inc., and Lifestyles Realty Dallas, Inc.'s (collectively, the "Lifestyles Entities") motion to dismiss Plaintiff Mishawn Childers's First Amended Complaint or, in the alternative, motion for a more definite statement. [Doc. 8]. After careful consideration, and for the reasons described below, the Court **GRANTS** the motion to dismiss, **DISMISSES WITHOUT PREJUDICE** all of Childers's claims, and **DISMISSES AS MOOT** the Lifestyles Entities' motion for a more definite statement.

1

## I. Background

Childers's complaint describes the Lifestyles Entities as "a real estate brokerage group."[1] Childers, who is black, worked for the Lifestyles Entities in Dallas as a residential sales manager.

Childers alleges that she asked the Lifestyles Entities if she could become a commercial or multifamily sales agent in addition to her role as a sales manager. The Lifestyles Entities responded that Childers "must choose between being a sales manager and a commercial sales agent, and if she chose to be a commercial sales agent, [the Lifestyles Entities] would not train or assist her in the position."[2] According to Childers, the Lifestyles Entities "train[ed] and assist[ed] other commercial sales agents who were not African American."[3]

Instead of pursuing the commercial sales agent role, Childers decided to apply for a Mentor position, but the Lifestyles Entities told her that she did not own enough properties to become a Mentor.[4] Childers alleges that she "had more properties than other Mentors who were not African American."[5] Childers further alleges that after the Lifestyles Entities "began to create a hostile work environment" for her, she "complained of race discrimination" and the Lifestyles Entities fired her the next

---

[1] Doc. 5 at 2. At the motion to dismiss stage, the Court accepts all of Childers's well-pled facts as true. *Stokes v. Gann*, 498 F.3d 483, 484 (5th Cir. 2007) (per curiam).

[2] Doc. 5 at 7.

[3] *Id.*

[4] Childers refers to the three Lifestyles Entities as a single actor throughout her complaint, never differentiating between them or identifying which one committed any specific act. *See, e.g.*, *id.* ("Lifestyles stated that Ms. Childers did not personally own enough properties to become a Mentor.").

[5] *Id.* at 8.

day.[6]  The email informing Childers of her termination stated that Childers's discrimination complaint was "offensive and insulting" and that the Lifestyles Entities were "not the right fit" for Childers.[7]

Following her termination, Childers sued the Lifestyles Entities under Section 1981 of the Civil Rights Act of 1866 ("Section 1981"), bringing claims for race discrimination, hostile work environment, and retaliation.  The Lifestyles Entities now move to dismiss her claims, arguing that Childers's complaint fails to state a claim under Section 1981 and is an improper group pleading.

## II.  Legal Standards

Under Federal Rule of Civil Procedure 12(b)(6), the Court evaluates the pleadings by "accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiff."[8]  To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[9]  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[10]  Although the plausibility standard does not require probability, "it asks for more than a sheer possibility that a

---

[6] *Id.*

[7] *Id.*

[8] *Stokes*, 498 F.3d at 484.

[9] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[10] *Id.* at 678.

defendant has acted unlawfully."[11]  In other words, the standard requires more than "an unadorned, the-defendant-unlawfully-harmed-me accusation."[12]  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"[13]  "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[14]

### III. Analysis

The Court begins with the Lifestyles Entities' argument that Childers's complaint fails to state a claim and then turns to the allegation of improper group pleading.

#### a. Discrimination

To establish a prima facie Section 1981 claim for employment discrimination, a plaintiff must establish that she "(1) is a member of a protected class; (2) was qualified for the position; (3) was subject to an adverse employment action; and (4) was replaced by someone outside the protected class, or, in the case of disparate treatment, [] that other similarly situated employees were treated more favorably."[15] To establish disparate treatment, the plaintiff "must show that the employer gave preferential treatment to another employee under nearly identical circumstances."[16]

---

[11] *Id.*; *see also Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level[.]").

[12] *Iqbal*, 556 U.S. at 678.

[13] *Id.* (quoting *Twombly*, 550 U.S. at 555).

[14] *Id.* (quoting *Twombly*, 550 U.S. at 557).

[15] *Bryan v. McKinsey & Co., Inc.*, 375 F.3d 358, 360 (5th Cir. 2004).

[16] *Okoye v. Univ. Tex. Health Sci. Ctr.*, 245 F.3d 507, 514 (5th Cir. 2001) (cleaned up).

The plaintiff can accomplish this by demonstrating that "the employees being compared held the same job or responsibilities, shared the same supervisor or had their employment status determined by the same person, and have essentially comparable violation histories."[17]

Childers's complaint is replete with conclusory assertions but short on facts. It fails to allege any specific details to support her claim that she was treated differently than other similarly situated employees because of her race.[18] Childers merely asserts that the Lifestyles Entities "train[ed] and assist[ed] other commercial sales agents who were not African American," and that she "had more properties than other Mentors who were not African American."[19] However, Childers does not identify any specific comparators, much less offer any facts to show that she and her comparators were similarly situated or that the Lifestyles Entities treated them differently under nearly identical circumstances. For example, she states that she "was performing as good or better than her peers" but the Lifestyles Entities "did not evaluate [her] [] the same as her peers" and "[t]he difference is she is African American."[20] Nonspecific references to "peers," with no further details explaining who they were or whether they were similarly situated, cannot sustain Childers's claim.

---

[17] *Lee v. Kan. City S. Ry. Co.*, 574 F.3d 253, 260 (5th Cir. 2009) (cleaned up).

[18] *See, e.g.*, Doc. 5 at 5 (asserting that "[i]f [the Lifestyles Entities] had evaluated Ms. Childers equally with her peers, she would not have been terminated" and that "[b]ut for ignoring how Ms. Childers compared with her peers, she would still be employed" by the Lifestyles Entities, but, critically, failing to identify a single "peer").

[19] *Id.* at 7–8.

[20] *Id.* at 9.

Because Childers has not pled sufficient facts showing disparate treatment, she has failed to state a Section 1981 discrimination claim on which relief can be granted. The Court **DISMISSES WITHOUT PREJUDICE** this claim.

### b. Hostile Work Environment

In order to establish a hostile working environment claim under Section 1981, a plaintiff must prove that "(1) she belongs to a protected group; (2) she was subjected to unwelcome harassment; (3) the harassment complained of was based on race; (4) the harassment complained of affected a term, condition, or privilege of employment; [and] (5) the employer knew or should have known of the harassment in question and failed to take prompt remedial action."[21]

Childers's hostile work environment claim fares even worse than her discrimination claim. Childers provides only the conclusory and vague assertion that she "was subjected to unwelcome harassment based on her race, including a hostile work environment," but she fails to identify even one specific instance of harassment.[22] Her other statements purporting to support this claim merely restate the elements without offering a single fact in support.[23] Childers has not pled any

---

[21] *Ramsey v. Henderson*, 286 F.3d 264, 268 (5th Cir. 2002). Though the Fifth Circuit listed these elements when analyzing Title VII, it has clarified that "[t]he analysis of discrimination claims under [Section] 1981 is identical to the analysis of Title VII claims." *Body by Cook, Inc. v. State Farm Mut. Auto. Ins.*, 869 F.3d 381, 386 (5th Cir. 2017).

[22] Doc. 5 at 10. She makes generic assertions related to the environment at the Lifestyles Entities, such as her claim that "man[a]gers recognize discrimination if someone makes racist comments, but managers are not adequately trained to look for signs of discrimination absent racial comments." *Id.* at 6. Such sweeping statements fall woefully short of establishing any of the elements for this claim.

[23] *Id.* at 10–11 (asserting, with zero accompanying factual support, that "[t]he harassment was severe and pervasive, interfering with the terms and conditions of [Childers'] employment," "[t]he

facts to support her hostile work environment claim, so there is no genuine dispute of material fact. Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** this claim.

### c. Retaliation

"The elements of a [Section] 1981 retaliation claim are (1) that the plaintiff engaged in activities protected by [Section] 1981; (2) that an adverse action followed; and (3) a causal connection between the protected activities and the adverse action."[24] "[T]o qualify as a protected activity, the employee's conduct must have 'opposed' the employer's practice and that opposed practice must have been unlawful."[25] "Importantly, a plaintiff need not demonstrate that the practice was *actually* unlawful for his opposition to be a protected activity; rather, it is enough that the plaintiff *reasonably believed* the practice was unlawful."[26] "When examining whether an employee's belief that his employer engaged in an unlawful act was reasonable, a court must ask whether a person, not instructed on [antidiscrimination] law as a jury would be, could reasonably believe that she was providing information about" an act of unlawful discrimination.[27] "This inquiry is informed by the nature of the statement forming the base of the alleged discrimination."[28]

---

harassment was objectively and subjectively offensive" and "[a] reasonable person would find that the harassment created [an] abusive working environment").

[24] *Body by Cook*, 869 F.3d at 390.

[25] *Scott v. U.S. Bank Nat'l Ass'n*, 16 F.4th 1204, 1209 (5th Cir. Nov. 2, 2021), *as revised* (Nov. 26, 2021).

[26] *Id.* at 1210.

[27] *Id.* at 1211.

[28] *Id.*

7

Childers offers mere labels and conclusions to support her retaliation claim, and she offers no description whatsoever of the protected activity—i.e., her report about unlawful discrimination—that gave rise to the alleged retaliation. Childers simply asserts that "Lifestyles treated [her] adversely after she opposed and reported unlawful discrimination."[29] She alludes to the requisite causal link, stating that the Lifestyles Entities terminated her in an email that characterized her discrimination report as "offensive and insulting" before concluding that the job was "not the right fit" for her.[30] But Childers fails to disclose who she complained to about the alleged race discrimination, what she complained about specifically, or any details about the alleged actions taken against her due to her complaint. Without knowing the contents of the discrimination complaint itself, the Court cannot know whether Childers opposed a practice she reasonably believed was unlawful, so Childers's claim of retaliation cannot rise to the level of plausibility. The Court thus **DISMISSES WITHOUT PREJUDICE** this claim.

### d. Group Pleading

Finally, the Court finds that Childers's complaint constitutes impermissible group pleading because it fails to offer any facts to distinguish her allegations against each of the three Lifestyles Entities. Because federal pleading requirements "entitle *each defendant* to know what he or she did that is asserted to be wrongful, allegations

---

[29] Doc. 5 at 11. With similar vagueness, Childers's complaint elsewhere asserts that the Lifestyles Entities "discriminated against and terminated its relationship with Ms. Childers for opposing discrimination in its contractual relationships." *Id.* at 5.

[30] *Id.* at 8.

8

based on a theory of collective responsibility cannot withstand a motion to dismiss."[31] Childers describes the three defendants as follows: "Lifestyles Unlimited, Inc., Lifestyles Realty, Inc. and Lifestyle[s] Realty Dallas, Inc., collectively 'Lifestyles,' is a real estate brokerage group representing real estate investors with over 40,000 customers."[32] The remainder of the complaint refers only to "Lifestyles" as a singular entity, which gives none of the defendants any information about Childers's specific allegations against it. "Y'all" is an amazing and powerful word. The Court does not besmirch it. But federal pleading standards entitle each defendant a plaintiff sues to know what unlawful actions that plaintiff claims it took. In addition to failing to state a claim as described above, Childers's complaint constitutes impermissible group pleading and must be dismissed on that independent ground as well.

## IV.  Conclusion

For the foregoing reasons, the Court **GRANTS** the Lifestyles Entities' motion to dismiss. Although Childers has already amended her complaint, she did so to show why venue was proper in this district, not to address the deficiencies described above. Thus, the Court **DISMISSES WITHOUT PREJUDICE** all of Childers's claims so that she may replead and attempt to correct these deficiencies. Childers's changes to her new complaint must be limited to the defects addressed in this order. Childers cannot add new parties or claims without leave of the Court. And the Court **DISMISSES AS MOOT** Lifestyles' motion for a more definite statement.

---

[31] *Tow v. Bulmahn*, No. 15-3141, 2016 WL 1722246, at *17 (E.D. La. 2016) (cleaned up) (emphasis added), *aff'd sub nom. In re ATP Oil & Gas Corp.*, 711 Fed. App'x 216 (5th Cir. 2017).

[32] Doc. 5 at 2.

**IT IS SO ORDERED** this 12th day of June, 2023.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE